162

## HARRY NOBLE V. THE STATE.

No. 16006.   Delivered June 7, 1933.
Reported in 61 S. W. (2d) 494.

The opinion states the case.

*Oren Parmeter,* of Dallas, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—The prosecution is under the act defining and controlling the punishment for delinquent child, as set out in Title 16, articles 1083 to 1093, C. C. P., 1925; penalty assessed at confinement in the State Juvenile Training School for an indeterminate term of from one to two years.

The delinquency consisted of the theft of three dollars in money from the person of Mrs. W. H. Clark.

A plea of guilty was entered and a jury was waived.   The matters of fact, as well as matters of law, were submitted to the court.

In the motion for new trial numerous attacks are made upon the procedure followed in the trial.   None of these matters are presented by bills of exception.   All of them were raised after the verdict.

The following complaints are found in the motion:   That upon the advice of his father and the juvenile officer the appellant was not represented by an attorney; that representations were made to him by his father and the juvenile officer that this being his first offense, he would not be confined in any institution.

There are no bills of exception.   From the court's statement in the record, it appears that the appellant and his parents

were fully advised by the court that the appellant was entitled to a jury, and that the court was advised by the parties mentioned that they desired to waive the jury; that with the consent and advice of both parents, a plea of guilty was entered and received.

The evidence before this court is that given on the hearing of the motion for new trial, from which it appears that the appellants father asked the juvenile officer if the boy would be given another chance and was informed by the officer that he thought so, and that he would speak to the judge about it; also that the juvenile officer stated that he thought an attorney was not necessary. The mother of the appellant claimed that the juvenile officer, in reply to her question as to whether the accused would be given another chance, said: "Yes, surely he will." She stated that there was no conversation before the plea of guilty was entered and that she had no advice upon the subject. From her testimony it appears that the appellant had given his parents much trouble; that he had been tried several times for offenses of the same nature as the present; that she had been fairly treated by the officers in her efforts to reform the boy; that his guilt in the present instance was not open to question; that he took the purse but she had some doubt as to whether he snatched it from the lady. At the time of the trial, the appellant had been out of the training school for about five months. The juvenile officer denied giving advice about an attorney and stated that from his experience in such cases, the employment of an attorney was not profitable. He denied that he advised the appellant to enter a plea of guilty.

Upon the record before us, we are constrained to affirm the judgment. It is so ordered.

*Affirmed.*